UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL NO. 03-67-DLB-JGW

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.

MICHAEL V. JOHNSON                                          DEFENDANT

## REPORT AND RECOMMENDATION

On June 18, 2012 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, MICHAEL V. JOHNSON, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Tim Schneider and the United States was present through Assistant United States Attorney Jason Denney. The proceedings were recorded by official court reporter Joan Averdick and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the June 13, 2012 violation report of U.S.P.O. Michelle A. Merrett.

After pleading guilty to Conspiracy to Distribute Narcotics (Heroin), Count 1, in violation of 21 U.S.C. § 846 and Possession of Firearm in Furtherance of Drug Trafficking Crime and Aiding and Abetting, Count 6, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 924(c)(1)(A), Johnson was sentenced on March 30, 2004 to thirty-five months on Count 1, and sixty months on Count 6, consecutive to Count 1 for a total sentence of ninety-five months.  It was recommended that defendant participate in the 500 hour residential substance abuse treatment program and complete

1

his GED while incarcerated. Upon release Johnson was ordered to complete six years supervised release on Count 1 and five years on Count 6 concurrent. Special conditions include the following: 1) defendant to participate in a substance abuse treatment program and submit to periodic drug/alcohol testing at the direction of the probation officer; 2) defendant shall abstain from alcohol; 3) defendant shall submit his person, residence, and curtilage, office, or vehicle to a search upon the direction of the U.S. Probation Office; 4) if defendant failed to complete his GED while incarcerated it became an additional condition of supervision; 5) defendant was ordered to pay special assessment of $200.00.

On October 11, 2010 Johnson was released from custody and began his supervised release but he has experienced several non-compliance issues resulting in a modification of the terms of his supervision. Since November, 2010 Johnson has been arrested four times, several of which involve domestic issues with his girlfriend. His most recent arrest occurred in January, 2012 when he was arrested for two counts of burglary. On this occasion Johnson forced his way into his girlfriend's residence and removed property without her consent. Although the burglary charges were not pursued, Johnson and his ex-girlfriend have had continuous domestic disputes which Johnson was required to address in an anger management treatment program. A modification of his conditions required him to enter and successfully complete a community residential re-entry center for a period of 60-90 days and it was his failures to comply with the regulations of the residential re-entry center which resulted in the pending charges. He now stands charged as follows:

> **VIOLATION #1: YOU SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER.**

On June 11, 2012 USPO Merrett received a phone call from Ms. Shawnie Greer, defendant's

ex-girlfriend who was yelling at Johnson asking that he leave her residence which is located at 1411 McMillian Street in Cincinnati.  She told USPO Merrett that defendant refused to leave at which time USPO Merrett directed Ms. Greer to put Johnson on the phone.  Merrett questioned Johnson as to why he was at Greer's residence since he had signed out for work from the Talbert House and was out of place and without authority to be at that location.  Johnson was instructed to leave the residence and report to the probation office on the following day on June 12 at 10:00 a.m. Ms. Greer subsequently placed another call to USPO Merrett advising that defendant was sitting on a step down the street from her residence.  Greer was instructed to call police and file a report.

> **VIOLATION #2: THE DEFENDANT SHALL ENTER AND COMPLETE A RESIDENTIAL RE-ENTRY PROGRAM (TALBERT HOUSE) FOR A PERIOD OF NOT LESS THAN 60 DAYS AND NOT MORE THAN 90 DAYS. UPON SUCCESSFUL COMPLETION OF THE PROGRAM, AND WITH THE APPROVAL FROM THE PROBATION OFFICER, THE OFFENDER CAN BE RELEASED FROM THE PROGRAM WHEN DIRECTED BY THE CASE MANAGER AND THE PROBATION OFFICER.**

Johnson entered the Talbert House Residential Re-Entry Program on June 4, 2012 and on June 11, 2012 USPO Merrett visited the Talbert House to meet with Johnson who was unavailable due to a meeting with his case manager.  It was later on that same afternoon when USPO Merrett received what she described as the frantic phone call from Ms. Greer described above in Violation #1.  Because Johnson was out of place at the time he was in violation of the Talbert House program rules.

The parties have reached an agreement as to the appropriate punishment for the above infractions, and the Court admonished the defendant that the lenient sentence recommendation is an opportunity at rehabilitation not to be taken lightly.  The Court is further satisfied from dialogue with the defendant that he understands the nature of the charges now pending, has had ample

opportunity to consult with counsel, and enters this agreement knowingly and voluntarily, accordingly;

    **IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above and that it be REVOKED;

2. That the defendant, MICHAEL V. JOHNSON, be sentenced to the custody of the Attorney General for a period of **THIRTY (30) DAYS** with **FOUR (4) YEARS** supervised release to follow;

3. As a special condition of that supervised release, the defendant shall return to the Talbert House Residential Re-entry Program for a period of **NINETY (90) DAYS** and comply with all conditions of that program.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within fourteen (14) days.** A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.   Ninty

    This 19th day of June, 2012.



Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge

4